# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) |
|---|---|
| | ) |
| | ) Criminal Action No. 09-305 |
| **v.** | ) |
| | ) |
| | ) |
| COREY GADSDEN, | ) |
| | ) |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Presently before the court is the Motion for Reconsideration of the court's July 12, 2012 denial of defendant's motion for severance of counts (ECF No. 280), the Brief in Support (ECF No. 281), and the Supplemental Memorandum (ECF No. 292) filed by defendant Corey Gadsden ("defendant"), and the government's responses (ECF Nos. 282 and 293). Upon consideration of the parties' arguments and the relevant law, for the reasons set forth below, defendant's motion for reconsideration will be DENIED.

### I. Background

On October 27, 2011, the government filed a four-count Third Superseding Indictment (ECF No. 219), charging defendant with conspiracy to possess with intent to distribute and to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846 (Count I); attempt to distribute and possess with intent to distribute one hundred grams or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count II); conspiracy to engage in conduct which threatened to cause bodily injury to an individual with the intent to retaliate against that person for giving information to a law enforcement officer relating to the

commission or possible commission of the offenses charged in Counts I and II of the Third Superseding Indictment, in violation of 18 U.S.C. § 1513(f) (Count III); and possession of a prohibited object (a cellular telephone) in the Beaver County Jail in violation of 18 U.S.C. §§ 1791(a)(2) and 1791(b)(4) (Count IV). (ECF No. 219.) Defendant's brother, Omar Gadsden, is also charged in Counts I and III. (Id.)

On July 12, 2012, the court held a pretrial motions hearing with respect to, *inter alia*, defendant's two previous Motions to Sever, (ECF Nos. 147 and 261). The court denied both motions on the record. The present motion seeks reconsideration of the denial with respect to defendant's Motion for Severance of Counts Pursuant to Rule 8(b) and Rule 14 of the Federal Rules of Criminal Procedure. (ECF No. 261.)

**II.     The Parties' Arguments**

Defendant argues in his Brief in Support (ECF No. 281) that Counts I and II must be tried separately from Counts III and IV because the jury will not be able to follow the presumption of innocence and burden of proof instructions if they are tried together, since doing so would reveal evidence of defendant's current incarceration. (ECF No. 281 at 1.) Defendant contends that references to his incarceration during trial will be required with respect to Count IV and will prejudice him pursuant to Rule 14(a)[1] by: (1) limiting his ability to testify in his own defense; and (2) preventing the jury from making a "reliable judgment." (Id. at 2-3.)[2] In support of the first argument, defendant argues that his right to testify with respect to Count IV conflicts with his right to remain silent and not testify with respect to Counts I and II. In the alternative, defendant argues that he cannot exercise his right to testify with respect to Counts I and II

---

[1] Federal Rule of Criminal Procedure 14(a) provides: "**Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."
[2] Defendant incorporates by reference the arguments from his previous motions to sever (ECF Nos. 147, 148, 261, 262, 266, and 267.)

without the jury learning that he is incarcerated. (Id. at 2.) In support of his prejudice argument, defendant relies on two kinds of decisions that he argues are analogous to the present situation: (1) decisions granting severance because one of the counts involved a charge of being a felon in possession of a firearm; and (2) decisions involving a defendant wearing a prison uniform and/or physical restraints while in court. (Id. at 3-8.) Defendant argues that testimony revealing that he is presently incarcerated would prejudice him because jurors would be unable to adhere to limiting instructions, thus depriving him of due process of law. (Id. at 3-9.)

The government responds by contending that severance is not necessary merely because a defendant wishes to testify with respect to some counts, but not others. (ECF No. 282 at 2-3.) The government also argues that courts presume that juries are capable of considering separate evidence with respect to multiple defendants and counts, and that severance is not necessary for that reason. (Id. at 3-6.)

### III. Standard of Review

Decisions regarding severance pursuant to Rule 14 are within the sound discretion of the trial court. Zafiro v. United States, 506 U.S. 534, 541 (1993). In deciding a motion to sever, the court must "weigh possible prejudice to the defendant against interests of judicial economy." United States v. Reicherter, 647 F.2d 397, 400 (3d Cir. 1981) (citing United States v. Kelley, 635 F.2d 778, 780-81 (10th Cir. 1980). It is a "fundamental principle that the federal system prefers 'joint trials of defendants who are indicted together' because joint trials promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." United States v. Urban, 404 F.3d 754, 775 (3d Cir. 2005) (quoting Zafiro, 506 U.S. at 537).

A court will only grant a severance pursuant to Rule 14 "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury

from making a reliable judgment about guilt or innocence." United States v. Reyeros, 537 F.3d 270, 286 (3d Cir. 2008) (citing Zafiro, 506 U.S. at 539). In setting forth a motion to sever, the defendant bears a heavy burden and must make a showing of "'clear and substantial prejudice resulting in a manifestly unfair trial.'" Reyeros, 537 F.3d at 286 (quoting United States v. Hart, 273 F.3d 363, 370 (3d Cir. 2001)).

IV. **Discussion**

a. **Defendant's ability to testify**

A defendant seeking a severance in order to testify about some counts but not others requires a "'convincing showing that [defendant] has both important testimony to give concerning one count and strong need to refrain from testifying on the other.'" Reicherter, 647 F.2d at 401 (citing Baker v. United States, 401 F.2d 958, 977 (D.C. Cir. 1968)). Defendant must present sufficient information indicating the nature of the testimony on one count, and the reason why he does not wish to testify about the other. Id. (citing Baker, 401 F.2d at 977). Bare allegations that a defendant wishes to testify with respect to one count but not another are not sufficient. United States v. Forrest, 623 F.2d 1107, 1115 (5th Cir. 1980). It is "not sufficient simply to establish that severance would improve the defendant's chance of acquittal" with respect to one or both counts. Reicherter, 647 F.2d at 400 (citing Kelley, 635 F.2d at 780). Even in cases where evidence with respect to one count may not be admissible in a separate trial on another count, courts have found that limiting instructions are sufficient to cure any risk of prejudice. 1A CHARLES ALAN WRIGHT & ANDREW D. LEIPOLD, FEDERAL PRACTICE AND PROCEDURE § 222 (4th Ed. 2008).

Defendant raises this issue in two places in his brief. (ECF No. 281 at 2, 7-8.) Defendant's first argument contends that failing to grant his motion for severance would jeopardize his ability to testify, insofar as

> defendant's right to present a defense and to testify on his own behalf with regard to count four comes into conflict with his right to remain silent and *not* testify with regard to the drug conspiracy allegations at counts one and two or, alternatively, to testify about his non-involvement in Counts 1 and 2 without the jury learning that he is incarcerated.

(ECF No. 281 at 2.) This is precisely the type of bare allegation that the Court of Appeals for the Fifth Circuit rejected in Forrest. See Forrest, 623 F.2d at 1115. (A "bare allegation that [defendant] wished to testify with respect to one count but not with respect to the other gave the trial judge no factual basis on which to evaluate possible prejudice.") Like in Forrest, defendant provides no reason for why he wishes to testify to Counts I and II. As such, defendant's first argument does not make a sufficient showing of prejudice to warrant severance.

Defendant's second argument is that his testimony with respect to Count IV is "highly relevant," while reasonable doubt is best argued by the absence of testimony as to Counts I and II. (Id. at 7-8.) A decision about whether to testify almost always requires balancing probative value against the benefits of remaining silent, and defendants do not have a constitutional right to invoke selectively the right to remain silent. Jenkins v. Anderson, 447 U.S. 231, 238-39 (1980). Here, defendant contends that testifying with respect to Counts III and IV would provide "one of the only" means by which to prove reasonable doubt; while on the other hand, reasonable doubt is "best argued" based on the government's circumstantial evidence with respect to Counts I and II, without defendant having to testify. (ECF No. 281 at 7-8.) Defendant also proffered supplemental information in which he outlines the "highly relevant" testimony that defendant could offer with respect to Counts III and IV. (ECF No. 292.) With respect to Counts I and II,

5

defendant merely reiterates his desire to avoid being impeached with evidence of his incarceration.

Defendant's arguments do not demonstrate sufficient prejudice to require severance. Defendant essentially argues that if he offers the suggested testimony as to Counts III and IV, he will have a better chance of prevailing on those Counts; likewise, he argues that if he does not testify as to Counts I and II, he will not be impeached, and will thus be more likely to prevail on those Counts. Simply improving defendant's chances of prevailing is not a sufficient reason to grant a severance. Reicherter, 647 F.2d, at 400. Defendant also undermines his own argument by equivocating with respect to his desire to testify. Paragraph 6 of defendant's supplemental memorandum indicates that: "**If** defendant **were** to testify at trial on Counts 3 and 4, he **would likely** testify . . ." (ECF No. 292 at 2.) Defendant fails to make the required "convincing showing" of "important testimony" when he cannot definitively say that he will testify. Reicherter, 647 F.2d at 401. Moreover, as discussed below, the potential prejudicial effect of evidence about defendant's incarceration can be remedied by a limiting instruction. The mere fact that defendant wishes to testify about one count but not the other is not sufficient prejudice to grant a severance pursuant to Rule 14. See Id.

    b.  **Jurors' ability to follow instructions**

In support of his claim that the jury will be unable to follow the limiting instructions that the court agreed to give, defendant analogizes to cases involving joined counts where one charge is for being a felon in possession of a firearm. (ECF No. 281 at 3-4.) Defendant fears that the jury will impermissibly infer that his incarceration—like a prior conviction for a felony—indicates that defendant is "bad and dangerous," thus warranting severance. (Id.)

Defendant points to three decisions in support of his claim that evidence of incarceration will result in improper prejudice: United States v. Hawkins, 589 F.3d 694 (4th Cir. 2009); United States v. Singh, 261 F.3d 530 (5th Cir. 2001); and United States v. Halloway, 1 F.3d 307 (5th Cir. 1993). (ECF No. 281 at 3.) None of these decisions are applicable to the present situation, because they all turned on an improper joinder of counts for completely unrelated crimes. See Hawkins, 589 F.3d at 701 (carjacking and felon in possession charges improperly joined because the firearm used in the carjacking was not the same firearm subject to the felon in possession charge); Singh, 261 F.3d at 533-534 (alien harboring and felon in possession charges improperly joined because there was no evidence that the firearm was ever used to threaten the aliens); Holloway 1 F.3d at 310-311 (robbery and felon in possession charges improperly joined because nothing connected the two events except the defendant). In all three decisions, the only connection between the improperly joined counts was the defendant. To the extent that the decisions defendant cites appear to address improper joinder of counts pursuant to Rule 8(b), the court will address that argument.

### i. Rule 8(b)

As the court has already determined, Counts I through IV were all properly joined pursuant to Rule 8(b). See (Hrng. Tr. 7/12/2012 at 24.) Rule 8(b) allows the joinder of multiple defendants who "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." A motion for severance will only be granted in situations where the standards of Rule 8(b) are not met. United States v. Lane, 474 U.S. 438, 449 n. 12 (1986). The movant bears the burden of establishing improper joinder pursuant to Rule 8(b). United States v. Avila, 610 F. Supp. 2d 391, 394 (M.D. Pa. 2009). When considering whether joinder is proper, the court should look to the face of the indictment, except

7

in very limited circumstances where "representations made in pretrial documents other than the indictment clarify factual connections between the counts." United States v. McGill, 964 F.2d 222, 242 (3d Cir. 1992).

Proper joinder of counts pursuant to Rule 8(b) requires a showing of a "transactional nexus," between the counts in the indictment. United States v. Riley, 621 F.3d 312, 334 (3d Cir. 2010) (citing United States v. Jimenez, 513 F.3d 62, 82 (3d Cir. 2008)). A series of conspiracies may be joined in the same indictment if they meet the requirements of Rule 8(b). 1A CHARLES ALAN WRIGHT & ANDREW D. LEIPOLD, FEDERAL PRACTICE AND PROCEDURE § 144 (4th Ed. 2008); see United States v. Velasquez, 772 F.2d 1348, 1353 (7th Cir. 1985). The requisite transactional nexus exists when "'the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense.'" United States v. Weaver, 905 F.2d 1466, 1477 (11th Cir. 1990) (quoting United States v. Gentile, 495 F.2d626 630 (5th Cir. 1974)). The Court of Appeals for the Seventh Circuit has found that "[a] conspiracy and its cover-up are parts of a common plan" sufficient to satisfy Rule 8(b) if there are adequate facts to demonstrate a transactional nexus between the two offenses. Velasquez, 772 F.2d at 1354; see United States v. Washington, 819 F. Supp. 358, 367 (D. Vt. 1993) (finding that "where one offense allegedly stems from another, such as the retaliation offense stemming from the drug offenses in this case, they are properly joined.").

Looking to the face of the indictment, as required by McGill, it is clear that the drug offenses charged at Counts I and II are incorporated as part of the retaliation conspiracy charged at Count III. (ECF No. 219 at 3.) Like in Velasquez and Washington, these allegations support a finding that joinder is appropriate, given that the retaliation conspiracy is part of the overall plan to cover up the underlying drug conspiracy and drug charge. See Washington, 819 F. Supp. at

8

367; Velasquez, 772 F.2d at 1354 (holding that "a conspiracy and its cover-up are parts of a common plan.") The possession of the prohibited object charge at Count IV is also appropriately joined because evidence of the phone usage will be relevant to implicate defendant Corey Gadsden in the retaliation conspiracy charged at Count III and vice versa the evidence of the retaliation conspiracy will be relevant to Count IV. Cf United States v. Jones, 447 F. App'x 319, 325 (3d Cir. 2011) (evidence of incarceration was necessary to implicate a co-conspirator in conspiracy). The indictment reveals that defendant Corey Gadsden was incarcerated during the course of the retaliation conspiracy[3] (ECF No. 219 at 3), and therefore, evidence that he participated in the conspiracy (by using the prohibited object charged at Count IV) will be necessary to establish participation in the conspiracy at Count III. See Weaver, 905 F.2d at 1477. Defendant also recognizes the connection between Counts III and IV in his proffered testimony, which will allegedly "deny that the purpose of having a phone has anything to do with threatening a witness." (ECF No. 292 at 2.) In the present situation, there is the requisite transactional nexus among the counts which satisfies the requirements of Rule 8(b).

      **ii.**      **Rule 14**

In furtherance of his Rule 14 prejudice argument, defendant cites decisions which involved the accused being forced to wear restraints and prison attire in court. E.g. Deck v. Missouri, 544 U.S. 622, 629 (2005) (visible physical restraints); Estelle v. Williams, 425 U.S. 501, 504 (1976) (prison attire). These decisions involve what the Court of Appeals for the Third Circuit has called a "constant reminder" of defendant's incarceration, which can result in prejudice. Cf. United States v. Faulk, 53 F. App'x 644, 647-48 (3d Cir. 2002) (noting that a "'constant reminder' to the jury over the course of a trial that the defendant is a prisoner may

---

[3] The duration of the retaliation conspiracy charged at Count III (November 1, 2009 through to in or around September, 2011) includes the date on which defendant Corey Gadsden is accused of possessing the prohibited object while incarcerated (September 28, 2011). (ECF No. 219 at 3-4.)

impair the presumption of innocence" and potentially lead to a due process violation (citing Estelle, 425 U.S. at 504)).

This case, however, does not involve a constant reminder of defendant's incarceration because any evidence relating to his status will most likely come in the form of testimony, not from defendant's outward appearance. In response, the government cited several decisions in which testimony revealing that a defendant was incarcerated was not prejudicial. (ECF No. 282 at 5) (citing, *inter alia*, Jones, 447 F. App'x at 319). Defendant cites two decisions in which courts have recognized that evidence of a defendant's incarceration could be prejudicial, but in both decisions, courts declined to find prejudice. See Faulk, 53 F. App'x at 647-48 (finding that prosecutor's "repeated" mention of defendant's imprisonment did not impair the presumption of innocence); United States v. Washington, 462 F.3d 1124, 1137 (9th Cir. 2006) (finding that references to a defendant's incarceration are proper when there is a "[government] purpose for the reference").

These decisions are instructive and indicate that the probative value of evidence of a defendant's incarceration may outweigh the potential for prejudice. See Jones, 447 F. App'x at 325. In Jones, evidence of the defendant's incarceration was probative because it explained why the defendant did not appear in a wiretapped conversation, and supported a finding that the defendant had been in jail with and had associational ties to a co-conspirator. Id. The proffered facts in the present case are even stronger. As discussed above, the retaliation conspiracy alleged at Count III was aimed at covering up the drug charges at Counts I and II. Evidence of defendant's incarceration and possession of a cell phone are necessary elements of Count IV and will be relevant to prove his conduct with respect to Count III. See 18 U.S.C. § 1791(a)(2). Admitting that evidence is proper under the "[government] purpose" of securing a conviction—

as allowed in Washington. This evidence is therefore highly probative, and the need to present it outweighs any possible risk of prejudice, particularly in light of the court's limiting instructions which will be given to the jury.

### iii. Limiting Instructions

Any lingering possibility of prejudice will be effectively eliminated by proper limiting instructions. Courts presume that juries follow the instructions that they are given. United States v. Walker, 657 F.3d 160, 171 (3d Cir. 2011). When a court gives a limiting instruction in the context of a denied motion to sever, it serves as "'persuasive evidence that refusals to sever did not prejudice defendants.'" Id. (citing United States v. Lore, 430 F.3d 190, 206 (3d Cir. 2005)). Courts also presume that juries are able to "compartmentalize the evidence" relating to different counts. Id. (citing United States v. Davis, 397 F.3d 173, 182 (3d Cir. 2005)). In Walker, the United States Court of Appeals for the Third Circuit held that a limiting instruction was sufficient to overcome any prejudice associated with joining charges of, *inter alia*, possession of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Id. at 164.

In light of the strong presumption that juries are capable of compartmentalizing evidence with respect to different counts and that they will follow the proper instructions, a limiting instruction will be sufficient in lieu of severing the counts in the present case. This conclusion is especially appropriate given the circumstances of this case, in which only two defendants are being tried on a total of four counts of criminal conduct. The jury is not likely to be easily confused with respect to Count IV, in which the evidence is likely to be "relatively uncomplicated" and easily compartmentalized by the jury. Cf. Walker, 657 F.3d at 170-71 (noting that severance was not appropriate in a case involving two brothers facing charges based

on three distinct episodes of criminal activity). Therefore, because the risk of prejudice is low, the interests of judicial economy dictate that severance is not appropriate in this case.

**ORDER**

AND NOW, this 17th Day of October, 2012, for the foregoing reasons, it is hereby ORDERED that Defendant Corey Gadsden's Motion for Reconsideration is DENIED.

By the Court:

/s/Joy Flowers Conti
Joy Flowers Conti
United States District Judge

October 17, 2012